# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
|  | : | **CRIMINAL NO.** _____ |
| **UNITED STATES OF AMERICA** | : | **DATE FILED:** _____ |
| **v.** | : | **VIOLATIONS:** |
|  | : |  |
|  | : |  |
| **AAMIR RAINEY** | : | **18 U.S.C. § 1343 (wire fraud - 9 Counts)** |
| **TONYA KERSEY** | : | **18 U.S.C. § 641  (theft of public money –** |
|  | : | **1 Count)** |
|  | : | **18 U.S.C. § 1028A (aggravated identity** |
|  | : | **theft - 4 Counts)** |
|  | : | **18 U.S.C. § 2 (aiding and abetting)** |
|  | : | **Notice of forfeiture** |

# I N D I C T M E N T

## COUNTS ONE THROUGH NINE

**THE GRAND JURY CHARGES THAT:**

At all times material to this indictment:

## INTRODUCTION

1.       On March 13, 2020, the President declared the ongoing COVID-19 pandemic to be an emergency under Section 501(b) of the Robert T. Stafford Disaster Relief and Emergency Assistance Act.

2.       On March 27, 2020, the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) was signed into law. The CARES Act created the PUA (Pandemic Unemployment Assistance) program, which provides unemployment benefits to individuals not

1

eligible for regular unemployment compensation or extended unemployment benefits.

3.     The PUA program is administered by the various states, including the Commonwealth of Pennsylvania, but its benefits are funded by the federal government.  In Pennsylvania, the Pennsylvania Department of Labor and Industry (PA DLI) administers the PUA program, on behalf of the United States Department of Labor, which is responsible for overseeing the PUA program. Other states, such as Louisiana and Tennessee likewise provide unemployment insurance and PUA benefits to their citizens in a similar fashion.  In the State of Louisiana, the agency responsible for program oversight is the Louisiana Workforce Commission (LWC).  In the State of Tennessee, the agency responsible for program oversight is the Department of Labor & Workforce Development (DLWD).

4.     PA DLI requires that a PUA claim be made online via the PUA website, https://pua.benefits.uc.pa.gov. The applicant must enter personal identification information (PII), including name, date of birth, social security number, email address, telephone number, and a physical address. An applicant must also answer a series of questions that enable the PA DLI to determine the applicant's eligibility and payment amount. Once awarded PUA benefits, the applicant must submit weekly certifications showing continuing eligibility.  While each state administers the application slightly differently, every state referenced in this indictment requires that the application for PUA benefits as well as the weekly certifications be made online.

5.     While each state administers its own PUA program, the application used by each state is a standard online application form. The form consists of 27 different sections including a range of questions within each section. Some of the questions ask for the applicant's PII and biographical information while other questions deal with the applicant's eligibility for the

2

program and work history. An applicant must provide his or her current employment status and answer if he or she is able to accept a job if offered. If the applicant cannot accept a job, the applicant must provide a reason for not being able to accept a job.

6. The applicant must also disclose if they are unemployed as a result of a pandemic or major disaster. If the applicant's employment has not been affected as a result of a pandemic or major disaster, the applicant is not eligible for PUA benefits. If the applicant's employment has been affected by a pandemic or major disaster, the application must also note in which state the applicant was affected by the pandemic or major disaster and the nature of the pandemic or major disaster.

7. In the 'self-certification' section of the application, the applicant must answer questions regarding the nature and impact of a pandemic or major disaster on the applicant's employment status. First, the applicant must disclose the pandemic or major disaster which affected the applicant's employment. An applicant is only eligible to receive weekly PUA benefits if the applicant is unemployed for reasons related to the COVID-19 pandemic. Second, the applicant must disclose the date of the applicant's last day of work. Finally, if the applicant quit their job due to COVID-19, the applicant must supply a reason for quitting.

8. As to all of these preceding questions, the applicant must "acknowledge that I understand that making the certification is under penalty of perjury and intentional misrepresentation in self-certifying that I may fall in one or more of these categories is fraud."

9. The applicant must also complete another certification, under penalty of perjury, that if offered a job, the applicant must be able to accept it. An applicant must read and understand the PUA Compensation Handbook, which indicates that any earnings must be reported

for each week a person works. The applicant must also certify once again as to the application that "all information is true and complete" and that if the applicant provides false information the applicant could be subject to criminal prosecution.

10.     If PA DLI or another state's administrative agency approves an application for PUA benefits, the applicant is then eligible to receive benefits in the form of checks, electronic fund transfers, or debit cards, and the checks and debit cards are mailed via the United States Postal Service to the physical address that appears on the application. When a state agency approves an applicant's eligibility, the agency will also establish the applicant's period of benefits, amount of weekly benefit, and maximum total benefit amount. However, even after this occurs, the applicant will not be able to receive the benefits unless the applicant performs the appropriate weekly certifications.

11.     The recipient of PUA benefits receives a unique applicant number that corresponds to the applicant's initial application and weekly certifications. Payments for PUA are based on a seven-day period, from Sunday through Saturday. Thus, the benefits recipient must certify every seven days that he or she: a) was ready, willing and able to work each day; b) was seeking full time employment; c) did not refuse any job offers or referrals; and, d) had reported any employment during the week and the gross pay or other payments received. The weekly certification is required to be completed in a timely manner. A delay in the weekly certification could result in a delay or denial of further payments.

12.     Defendant TONYA KERSEY resided at 2118 Haworth Street, Philadelphia, PA 19124.

13.     Defendant TONYA KERSEY was last employed in 2017.

4

14.    Defendant AAMIR RAINEY resided at 2118 Haworth Street, Philadelphia, PA 19124.

15.    PA DLI records do not show any reportable employment for defendant AAMIR RAINEY.

### THE SCHEME TO DEFRAUD.

16.    From on or about May 15, 2020 to on or about May 19, 2021, in the Eastern District of Pennsylvania, and elsewhere, defendants

**AAMIR RAINEY**
**and**
**TONYA KERSEY**

devised and intended to devise a scheme to defraud various state and federal agencies, and to obtain money and property, specifically PUA benefits, by means of false and fraudulent pretenses, representations, and promises.

### MANNER AND MEANS

It was part of the scheme that:

17.    Defendant AAMIR RAINEY and defendant TONYA KERSEY made false statements on PUA applications and weekly re-certification forms to obtain federal PUA money for which they were not eligible. Defendants RAINEY and KERSEY utilized some of the same information, including out of state addresses, usernames, and answers to security questions, to file multiple applications. Defendants RAINEY and KERSEY filed applications in numerous states to include Pennsylvania, Louisiana, and Tennessee. Defendant RAINEY filed more than seventy fraudulent applications in at least ten different states.

18.    Once the applications were submitted, respective state agencies would mail

5

pre-loaded debit cards to the defendants AAMIR RAINEY and TONYA KERSEY at their address of 2118 Haworth Street. Defendants RAINEY and KERSEY would then take possession of the debit cards and file false weekly certifications to access the funds on the cards and to maintain eligibility for future funds. Defendant KERSEY used the PUA debit cards to make direct expenditures. Defendant RAINEY used the PUA debit cards to make direct expenditures, transferred the funds from the cards to other accounts, and used the cards as a payment method on third party applications.

19.    On May 15, 2020, defendant AAMIR RAINEY filed an application for Pennsylvania PUA benefits under his own name. Defendant RAINEY also included his true and lawful PII on the application to include his date of birth, sex, social security number, and residential address. On the application, defendant RAINEY falsely answered that he was unemployed due to the COVID-19 pandemic. In this application, defendant RAINEY also stated that his last day of work was April 5, 2018 and that he quit his job due to the COVID-19 pandemic. Defendant RAINEY also stated on the application that he quit his job due to a family member being diagnosed with COVID-19 and that he was quarantined due to this diagnosis. After providing all of this false information, defendant RAINEY certified that he had provided true and accurate information. Defendant RAINEY then electronically submitted this application.    Defendant RAINEY's application was denied.

20.    On February 14, 2021, defendant AAMIR RAINEY filed a second application for Pennsylvania PUA benefits. On this application, defendant RAINEY falsely listed June 9, 2020 as his last day of work. He also falsely stated that he expected to return to work on May 7, 2019, despite this return date coming before his reported last day of work. On this

application, defendant RAINEY also reported that he had $6,750 of income in each quarter of 2020.

21.     On May 19, 2021, defendant AAMIR RAINEY filed a third application for Pennsylvania PUA benefits. He falsely reported $12,590 in income for each quarter of 2020 and that his last day of work was February 21, 2020. He also falsely listed an employer in Pittsburgh, Pennsylvania. As part of this application, defendant RAINEY also uploaded a fake SSN card and a fake driver's license. Despite his three applications, defendant RAINEY did not receive any benefits from Pennsylvania under these claims.

22.     On June 27, 2020, defendant AAMIR RAINEY filed an online application for PUA benefits from the state of Tennessee with his true and lawful, name, sex, and date of birth. On the application, defendant RAINEY provided a false social security number that was similar to his social security number but changed by one digit, and falsely stated his residential address was in Adams, Tennessee.  Defendant RAINEY also falsely stated that his employment was negatively affected by the COVID-19 pandemic and his employment was affected by COVID-19 in the state of Tennessee. As a result of these false statements and weekly certifications that he was willing and able to accept a job and work at any time, defendant RAINEY received PUA benefits in the amount of approximately $13,980.

23.     On June 18, 2020, defendant AAMIR RAINEY filed an online application for PUA benefits from the state of Louisiana with his true and lawful, name, sex, date of birth and social security number. However, on the application, defendant RAINEY falsely listed his residential address as 3188 Adam Road in Hahnville, Louisiana. Defendant RAINEY also falsely stated that he was affected by the COVID-19 pandemic in Louisiana and that his last day of work

in Louisiana was June 7, 2020 despite never having worked in Louisiana. Defendant RAINEY also falsely stated on the application that his place of employment was closed due to the COVID-19 pandemic despite not having a place of employment in the state of Louisiana.

24.     Also on June 18, 2020, defendant AAMIR RAINEY filed another application for PUA benefits from the state of Louisiana with his true and lawful, name, sex, date of birth and social security number. However, in this second Louisiana application, defendant RAINEY falsely listed his residential address as being in Texas. On this second application, defendant RAINEY also falsely listed his last day of work as April 1, 2021 and he stated that he was unemployed because a member of his household had contracted COVID-19.

25.     On October 29, 2020, defendant AAMIR RAINEY filed a third application for PUA benefits from the state of Louisiana with his true and lawful, name, sex, date of birth and social security number. On this application, defendant RAINEY provided the same information, including the same false statements, as he did on his first Louisiana application.

26.     On February 17, 2021, defendant AAMIR RAINEY filed a fourth application for PUA benefits from the state of Louisiana with his true and lawful, name, sex, date of birth and social security number. On this application, defendant RAINEY falsely indicated that he was working full time. However, later in the application, he falsely stated that his last day of work was September 5, 2020 and that he quit his job because COVID-19 closed his workplace.

27.     As a result of these false statements and weekly false certifications in which defendant AAMIR RAINEY attested that he was available and able to work at any time, defendant RAINEY received approximately $6,791 dollars in PUA benefits from Louisiana.

28.     On May 17, 2020, defendant TONYA KERSEY submitted an application

8

for Pennsylvania PUA benefits. On the application, defendant KERSEY supplied her true and lawful PII, including her name, date of birth, and social security number. On the application, defendant KERSEY stated that her last day of employment was June 21, 2017 and falsely indicated that she was unemployed due to the COVID-19 pandemic. This application was denied on or about May 25, 2020.

29. On May 26, 2020, defendant TONYA KERSEY submitted a second application for Pennsylvania PUA benefits with her true and lawful PII, including her name, date of birth, and social security number. This application was almost identical to her first application except that defendant KERSEY changed the date of her last day of employment from June 21, 2017 to March 14, 2020, which was also false.

30. On July 25, 2020, defendant TONYA KERSEY submitted a third application for Pennsylvania PUA benefits. Defendant KERSEY entered a fictitious social security number which was formed by moving around some of the numbers of her actual social security number. On this application, defendant KERSEY falsely indicated that her last day of employment was May 9, 2020 and that she was unemployed due to the COVID-19 pandemic. Defendant KERSEY also stated on the application she was unable to accept employment due to a lack of transportation. However, on later questions in the application and in weekly certifications, defendant KERSEY stated that she was willing and able to start working at any time if offered a job. As a result of these false statements, this claim was approved. A US Bank debit card was mailed to defendant KERSEY at her address. However, defendant KERSEY failed to make the appropriate weekly certifications and did not receive any benefits from this claim.

31. On June 25, 2020, defendant TONYA KERSEY submitted her first

application for Louisiana PUA benefits. On the application, defendant KERSEY falsely supplied a Louisiana address of 3188 Adam Road in Hahnville, Louisiana for her residential address. Defendant KERSEY also falsely stated on the application that she had not applied for unemployment benefits in any other state despite having previously submitted two applications in Pennsylvania. Defendant KERSEY falsely listed her last day of work as April 7, 2020. Defendant KERSEY also falsely stated that she was unemployed due to COVID-19 because her workplace had shut down due to COVID-19. Defendant KERSEY also stated that she was unable to work due to a lack of transportation. However, defendant KERSEY certified on the application and on weekly certifications that she was ready and able to work at any time if offered a job despite previously saying on the application that she could not work due to a lack of transportation.

32.     On September 3, 2020, defendant TONYA KERSEY submitted a second application for Louisiana PUA benefits. Once again, defendant KERSEY submitted a false Louisiana address of 3188 Adam Road in Hahnville, Louisiana, for her residential address and falsely claimed that she was affected by the COVID-19 pandemic in Louisiana. Additionally, on this application, defendant KERSEY supplied a social security number that did not match her true social security number, provided a false last day of employment of June 9, 2020, and falsely claimed that her last employment was with local government in Louisiana. As a result of the fraudulent applications and weekly certifications, defendant KERSEY received approximately $4,456.00 in PUA benefits.

33.     On July 23, 2020, defendant TONYA KERSEY submitted a Tennessee application for PUA benefits. On this application, defendant KERSEY falsely stated that she had a residential address in the city of Adams, Tennessee, and that her employment was affected by

COVID-19 in the state of Tennessee. As a result of these false statements and others, defendant KERSEY's Tennessee application was approved and a debit card was mailed to 2118 Haworth in Philadelphia. While defendant KERSEY received and possessed the card, she was unable to access her eligible benefits on the card because she failed to make the appropriate weekly certifications.

**THE WIRINGS**

34.     On or about each of the dates set forth below, in the Eastern District of Pennsylvania, and elsewhere, having devised and intending to devise this scheme, the defendants,

**AAMIR RAINEY**
**and**
**TONYA KERSEY**

for the purpose of executing the scheme described above, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below, each transmission constituting a separate count:

| COUNT | DATE | DESCRIPTION |
|---|---|---|
| ONE | 05/15/2020 | Wire communications between an electronic device in Philadelphia, Pennsylvania and a server in California to submit an electronic application for PUA benefits from the state of Pennsylvania |
| TWO | 06/27/2020 | Wire communications between an electronic device in Philadelphia, Pennsylvania and a server in Florida to submit an electronic application for PUA benefits from the state of Tennessee. |
| THREE | 05/17/2020 | Wire communications between an electronic device in Philadelphia, Pennsylvania and a server in California to submit an electronic application for PUA benefits from the state of Pennsylvania. |
| FOUR | 06/25/2020 | Wire communications between an electronic device in Philadelphia, Pennsylvania and a server in Florida to submit an electronic application for PUA benefits from the state of Louisiana. |

| FIVE | 07/23/2020 | Wire communications between an electronic device in Philadelphia, Pennsylvania and a server in Florida to submit an electronic application for PUA benefits from the state of Tennessee. |
| --- | --- | --- |

All in violation of Title 18, United States Code, Section 1343.

## COUNTS SIX THROUGH NINE

**THE GRAND JURY FURTHER CHARGES THAT:**

      1.    Paragraphs 1 through 15 of Counts One through Five are incorporated herein.

### THE SCHEME TO DEFRAUD

      2.    From on or about May 15, 2020 to on or about May 19, 2021, in the Eastern District of Pennsylvania, and elsewhere, defendant

### AAMIR RAINEY

devised and intended to devise a scheme to defraud various state and federal agencies, and to obtain money and property, specifically PUA benefits, by means of false and fraudulent pretenses, representations, and promises.

### MANNER AND MEANS

      It was part of the scheme that:

      3.    Defendant AAMIR RAINEY, acting without authority, obtained and used in applications for PUA benefits in several states, the names, dates of birth, and social security numbers of other persons.

      4.    On June 6, 2020, defendant AAMIR RAINEY filed an application for Pennsylvania PUA benefits in the name of S.H.  Defendant RAINEY possessed and used, without lawful authority, S.H's name, date of birth, and social security number to fill out the application.  Defendant RAINEY also made false statements to fill out the remaining portions of the application. However, defendant RAINEY listed his true address, 2118 Haworth Street in Philadelphia, as the mailing address on the application.

13

5.      Defendant AAMIR RAINEY's fraudulent application in S.H.'s name was eventually approved and defendant RAINEY made the required weekly certifications in order to receive benefits. As a result of his false statements in the S.H. application and weekly certifications, defendant RAINEY received PUA benefits of approximately $6,360 from Pennsylvania.

6.      On June 9, 2020, defendant AAMIR RAINEY filed a PUA application in Pennsylvania under a fictitious name. To submit this application under this fictitious name, defendant RAINEY possessed and used without lawful authority the address, date of birth, and social security number of an individual named F.D. As the result of this fraudulent application and subsequent false weekly certification, defendant RAINEY received approximately $390 in Pennsylvania PUA benefits.

7.      On June 9, 2020, defendant AAMIR RAINEY also filed an application for Pennsylvania PUA benefits using E.H's name, date of birth, and social security number without lawful authority.  Defendant RAINEY populated the entire application with false information and subsequently made false statements when doing the weekly certifications. As a result of the fraudulent E.H application and weekly certifications, defendant RAINEY received approximately $8,745 in PUA benefits from Pennsylvania.

8.      On June 12, 2020, defendant AAMIR RAINEY submitted an application for Pennsylvania PUA benefits under his name but using W.B.'s social security number. On this application, defendant RAINEY falsely stated that his last day of work was March 9, 2020 and that he quit his job due to COVID-19 because he had a family member contract COVID and had to care for the family member. On June 15, 2020, defendant RAINEY edited this same

14

application, but keeping it in his name with W.B.'s social security number. On the June 15

version of this application, defendant RAINEY falsely listed his last day of work as February 3,

2020 and stated that he was unable to work due to a lack of transportation. Defendant RAINEY

stated he was able to work, despite noting on the applications themselves he could not work due

to a lack of transportation. As a result of these fraudulent applications and weekly certifications,

defendant RAINEY received approximately $10,125 in benefits from Pennsylvania.

## THE WIRINGS

9.      On or about each of the dates set forth below, in the Eastern District of

Pennsylvania, and elsewhere, having devised and intending to devise this scheme, the defendant,

## AAMIR RAINEY

for the purpose of executing the scheme described above, caused to be transmitted by means of

wire communication in interstate commerce the signals and sounds described below, each

transmission constituting a separate count:

| COUNT | DATE | DESCRIPTION |
|-------|------|-------------|
| SIX | 06/06/2020 | Wire communications between an electronic device in Philadelphia, Pennsylvania, utilized by Aamir RAINEY and a server in California to submit an electronic PUA application for PUA benefits from the state of Pennsylvania under the name of S.H |
| SEVEN | 06/09/2020 | Wire communications between an electronic device in Philadelphia, Pennsylvania, utilized by Aamir RAINEY and a server in California to submit an electronic PUA application for PUA benefits from the state of Pennsylvania under a fictitious name |

| EIGHT | 06/09/2020 | Wire communications between an electronic device in Philadelphia, Pennsylvania, utilized by Aamir RAINEY and a server in California to submit an electronic PUA application for PUA benefits from the state of Pennsylvania under the name of E.H. |
|-------|------------|-------|
| NINE | 06/12/2020 | Wire communications between an electronic device in Philadelphia, Pennsylvania, utilized by Aamir RAINEY and a server in California to submit an electronic PUA application for PUA benefits from the state of Pennsylvania under the name of Aamir RAINEY but using the PII of W.B. |

All in violation of Title 18, United States Code, Section 1343.

## COUNT TEN

**THE GRAND JURY FURTHER CHARGES THAT:**

At all times relevant to this indictment:

1.     Paragraphs 1 through 15 and 17 through 33 of Counts One Through Five are incorporated herein,

2.     From on or about May 15, 2020, to on or about May 19, 2021, in the Eastern District of Pennsylvania, and elsewhere, defendants

**AAMIR RAINEY**
**and**
**TONYA KERSEY**

did knowingly steal and convert to their use or the use of another money or a thing of value of the United States, specifically, Pandemic Unemployment Assistance funds under the care of the United States Department of Labor, in a value exceeding $1,000.

In violation of Title 18, United States Code, Sections 641 and 2.

17

## COUNT ELEVEN

**THE GRAND JURY FURTHER CHARGES THAT:**

        At all times relevant to this indictment:

        1.      Paragraphs 1 through 15 of Counts One through Five, and paragraphs 3 through 5 of Counts Six through Nine, are incorporated herein.

        2.      On or about June 6, 2020, in the Eastern District of Pennsylvania, and elsewhere, defendant

### AAMIR RAINEY

knowingly and without lawful authority possessed and used a means of identification of another person, that is, the name, social security number, and date of birth of S.H., during and in relation to wire fraud as charged in Count Six and theft of public money as charged in Count Ten.

        In violation of Title 18, United States Code, Sections 1028A(a)(1), (c)(1), and (c)(5).

## COUNT TWELVE

**THE GRAND JURY FURTHER CHARGES THAT:**

At all times relevant to this indictment:

1.      Paragraphs 1 through 15 of Counts One through Five, and paragraph 6 of Counts Six through Nine, are incorporated herein

2.      On or about June 9, 2020, in the Eastern District of Pennsylvania, and elsewhere, defendant

**AAMIR RAINEY**

knowingly and without lawful authority possessed and used a means of identification of another person, that is, the name, social security number, and date of birth of F.D., during and in relation to wire fraud as charged in Count Seven and theft of public money as charged in Count Ten.

In violation of Title 18, United States Code, Sections 1028A(a)(1), (c)(1) and (c)(5).

## **COUNT THIRTEEN**

**THE GRAND JURY FURTHER CHARGES THAT:**

At all times relevant to this indictment:

1.      Paragraphs 1 through 15 of Counts One through Five, and paragraph 7 of Counts Six through Nine, are incorporated herein

2.      On or about June 10, 2020, in the Eastern District of Pennsylvania, and elsewhere, defendant

### **AAMIR RAINEY**

knowingly and without lawful authority possessed and used a means of identification of another person, that is, the name, social security number, and date of birth of E.H., during and in relation to wire fraud as charged in Count Eight and theft of public money as charged in Count Ten.

In violation of Title 18, United States Code, Sections 1028A(a)(1), (c)(1) and (c)(5).

## COUNT FOURTEEN

**THE GRAND JURY FURTHER CHARGES THAT:**

At all times relevant to this indictment:

1.       Paragraphs 1 through 15 of Counts One through Five, and paragraph 8 of Counts Six through Nine, are incorporated herein

2.       On or about June 12, 2020 and June 15, 2020, in the Eastern District of Pennsylvania, and elsewhere, defendant

### AAMIR RAINEY

knowingly and without lawful authority possessed and used a means of identification of another person, that is, the social security number and date of birth of W.B., during and in relation to wire fraud as charged in Count Nine and theft of public money as charged in Count Ten.

In violation of Title 18, United States Code, Sections 1028A(a)(1), (c)(1) and (c)(5).

21

## NOTICE OF FORFEITURE

**THE GRAND JURY FURTHER CHARGES THAT:**

At all times relevant to this indictment:

1.        As a result of the violations of Title 18, United States Code, Sections, 641, and 1343, as set forth in this indictment, defendants

**AAMIR RAINEY**
**and**
**TONYA KERSEY**

shall forfeit to the United States of America any property that constitutes, or is derived from, proceeds traceable to the commission of such offenses, including, but not limited to, the sum of $50,847.

2.        If any of the property subject to forfeiture, as a result of any act or omission of the Defendant:

        (a)        cannot be located upon the exercise of due diligence;

        (b)        has been transferred or sold to, or deposited with, a third party;

        (c)        has been placed beyond the jurisdiction of the Court;

        (d)        has been substantially diminished in value; or

        (e)        has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c) incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the Defendant up to the value of the property subject to forfeiture.

22

All pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C).

A TRUE BILL:

_____
GRAND JURY FOREPERSON

_____
JENNIFER ARBITTIER WILLIAMS
ACTING UNITED STATES ATTORNEY

23

No. _ _ _ _ _ _ _ _ _ _

## UNITED STATES DISTRICT COURT

Eastern District of Pennsylvania

Criminal Division

### THE UNITED STATES OF AMERICA

vs.

AAMIR RAINEY
TONYA KERSEY

**INDICTMENT**
Count(s)

**18 U.S.C. § 1343 (wire fraud – 9 counts)**
**18 U.S.C. § 641 (theft of public money – 1 count)**
**18 U.S.C. § 1028A (aggravated identity theft – 4 counts)**
**18 U.S.C. § 2 (aiding and abetting)**
**Notice of forfeiture**

Filed in open court this _____ 7 _____ day,

of _September_ A.D. 20 21

_____
Clerk

Bail, $ _____